UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 3:20-mj-856 (RAR) |
| CORTNEY DUNLAP | : | October 16, 2020 |

**JOINT MOTION TO CONTINUE DATE FOR PRELIMINARY HEARING
AND FOR ORDER TOLLING SPEEDY TRIAL CLOCK**

Pursuant to Federal Rule of Criminal Procedure 5.1(d), 18 U.S.C. § 3161(h)(7), and Local Rule 7(b), the parties hereby respectfully jointly move for an order continuing the date for a preliminary hearing to be held in this case for a period of 60 additional days, and for entry of an order finding that the period of time from the filing of this motion to the date of the continuance is excludable for purposes of the Speedy Trial Act under 18 U.S.C. § 3161(h)(7). For the reasons set forth below, the requested continuance is in the interests of both parties, and the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial.

Factual And Procedural History

On the morning of October 14, 2020, the defendant, Cortney Dunlap, was arrested pursuant to an arrest warrant issued by this Court. Dunlap's initial appearance was held later that day, and Dunlap was released on a bond of $100,000. *See Minute Entry* [doc. no. 14]. The date for the preliminary hearing would ordinarily be set for November 4, 2020, which is 21 days from the defendant's initial appearance. During the initial appearance, the parties informed the Court that the parties would be moving to continue for an additional 60 days the date for the preliminary hearing. The Court held a brief colloquy with the defendant, in which the defendant

1

stated his agreement with the motion and continuance and agreed to waive his statutory and constitutional speedy trial rights for purposes of the continuance. The Government requested a brief period to file the instant motion in writing, which the Court indicated it was inclined to grant.

Discussion

The requested continuance is in the interests of both parties and the public. As set forth in the complaint, this case involves allegations of a health care fraud scheme that occurred over several years, and involves Medicaid patients derived from several sources. For the following reasons, the requested continuance is in the interests of both parties and the ends of justice served by the continuance outweigh the best interest of the public, defendant, and the Government to a speedy trial:

(1) Counsel for the Government and the defense are amenable to discussing possible resolutions of this matter in advance of a possible indictment. These discussions serve the interest of conserving judicial and grand jury resources, provide the defense with discovery information in an expedited fashion, and provide the defendant with the possibility of demonstrating prompt acceptance of responsibility.

(2) Given the nature of the allegations in this case, which involve false claims for psychotherapy submitted to the Medicaid program, counsel for the defendant needs additional time to review the allegations, and to become familiar with the particular professional medical rules and procedures related to the practice of psychotherapy, the CPT codes involved in such practice, and the Medicaid rules and regulations pertaining to billing for such services. Each of these areas involves complex issues.

(3) Counsel for the defendant will also need to review the Medicaid claims data involved in this case, which involves hundreds of individual claims.

(4) Counsel for the defendant will also need to discuss with her client any patient records the defendant may have related to the hundreds of claims submitted to Medicaid, and to review any such records.

(5) The allegations in the complaint involve expressly at least fourteen different patients, which involve dozens of counts that could potentially be charged. As a result, at this point, defense counsel is reviewing information analogous to dozens of formally alleged counts.

(6) The allegations in the complaint also involve the defendant's operations of at least three businesses. Counsel for the defendant will need additional time to become familiar with these entities and the role each of them played during the period alleged in the complaint.

(7) Allegations of complex white collar crimes like the health care fraud charges in this case frequently involve pre-indictment discussions between Government and defense counsel concerning charging theories and possible defenses. These discussions serve the interests of both parties in avoiding different or misplaced interpretations of regulations and reducing undue harm to professional or business reputations or licensure. Under the circumstances of this case, no such discussions occurred prior to the defendant's arrest. The requested continuance will permit counsel to conduct these discussions in advance of formal charges being filed.

(8) Counsel for the Government is willing to meet with or speak to defense counsel as necessary to provide and explain information or documents that may appropriately be shared with defense counsel at this time. These discussions will require time for counsel to organize, present, review, absorb, and discuss this information between themselves and with the defendant.

(9) At the present time, the COVID-19 pandemic is affecting court operations, including scheduling of criminal trials and grand jury proceedings, not to mention the ability of attorneys to interview witnesses or meet with their clients. As a result, the courts and the public are acutely interested in reducing the strain on public resources. If the parties are able to resolve this matter during the requested continuance, the interests of the public and the courts in conserving resources will be particularly served under these circumstances.

Conclusion

For the reasons described above, the parties respectfully request that the Court continue the period for the preliminary hearing in this case for an additional 60 days, to and including January 4, 2021, and enter an order pursuant to 18 U.S.C. § 3161(h)(7) finding that for the reasons set forth in this motion, the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial.

Respectfully submitted,

| THE UNITED STATES OF AMERICA | CORTNEY DUNLAP |
|---|---|
| JOHN H. DURHAM<br>UNITED STATES ATTORNEY | |
| /s/<br>DAVID J. SHELDON<br>ASSISTANT UNITED STATES ATTORNEY<br>157 CHURCH STREET/23RD FLOOR<br>NEW HAVEN, CT 06510<br>(203) 821-3700<br>fax: (203) 773-5378<br>david.sheldon@usdoj.gov | /s/<br>MOIRA L. BUCKLEY<br>ASSISTANT FEDERAL DEFENDER<br>FEDERAL DEFENDER OFFICE<br>DISTRICT OF CONNECTICUT<br>10 COLUMBUS BLVD, FLOOR 6<br>HARTFORD, CT 06106<br>(860) 493-6260<br>Moira_Buckley@fd.org |